UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN MUHAMMAD,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2479

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will also grant Petitioner's motion to withdraw his motion to dismiss the petition (ECF No. 8) and motion to substitute attorneys (ECF No. 9) and will dismiss Petitioner's motion to dismiss the petition as withdrawn (ECF No. 6).

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.19.) In an order entered on September 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording

of the Dec. 18, 2025, bond hearing on September 4, 2026, (Resp., ECF No. 5; Recording of Dec. 18, 2025, Bond Hearing, filed on Sep. 4, 2026), and Petitioner filed his reply on September 10, 2026, (ECF No. 10).

## II. Relevant Factual Background

Petitioner is a native of Pakistan who entered the United States 25 years ago as a minor child. (Pet., ECF No. 1, PageID.7.) On November 14, 2025, Petitioner was arrested by ICE agents (*Id.*)

On December 18, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (Dec. 18, 2025, Immigration Judge Order, ECF No. 5-2, PageID.54.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond because Petitioner "has not established that he is not a danger to the community." (*Id.*) Petitioner's second request for bond was denied because the Immigration Court did not find a material change in circumstances. (Jan. 15, 2026, Immigration Judge Order, ECF No. 5-4, PageID.58.)

On March 16, 2026, the Immigration Court denied Petitioner's request for bond following the dismissal of the criminal charges against him, stating: "The [petitioner] has not persuasively demonstrated that he is not a danger to the community, notwithstanding the dismissal of the criminal charges." (Mar. 16, 2026, Immigration Judge Order, ECF No. 5-6, PageID.93.) In the Bond Memorandum memorializing the Immigration Court's March 16, 2026, findings for purposes of appeal, the Immigration Judge reiterated the Immigration Court's position that the noncitizen "bears the burden of establishing that he merits release on bond." (Bond Memorandum, ECF No. 5-7, PageID.96.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**V. Pending Motions**

On September 7, 2026, Petitioner filed a motion to withdraw the petition. (ECF No. 6.) However, on September 8, 2026, Petitioner filed a motion asking to withdraw the prior motion, stating that it was filed in error, (ECF No. 8), and a motion to substitute counsel (ECF No. 9). For the reasons set forth in Petitioner's September 8, 2026, motions, the Court will grant Petitioner's motion to withdraw his motion to dismiss the petition (ECF No. 8) and motion to substitute attorneys (ECF No. 9) and will dismiss Petitioner's motion to dismiss the petition as withdrawn (ECF No. 6)

**<u>Conclusion</u>**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. The Court will further grant Petitioner's motion to withdraw his motion to dismiss the petition (ECF No. 8) and motion to substitute attorneys (ECF No. 9) and will dismiss Petitioner's motion to dismiss the petition as withdrawn (ECF No. 6)

Dated: September 17, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge